# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 16-524V
(Not to be Published)

* * * * * * * * * * * * * * * * * * * * *
MONIKA PIATEK,
*Parent of N.P., a minor,*

        Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

        Respondent.
* * * * * * * * * * * * * * * * * * * * *

Chief Special Master Corcoran

Dated: May 19, 2021

*Edward M. Kraus*, Law Offices of Chicago Kent, Chicago, IL, for Petitioner.

*Meghan Murphy*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION DISMISSING PETITION[1]

On April 28, 2016, Monika Piatek filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program"),[2] on behalf of her minor child, N.P., alleging that the human papillomavirus ("HPV") vaccine N.P. received on August 31, 2001 caused her to suffer from reactive arthritis, dysautonomia, autonomic neuropathy, POTS, and IBS

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). This means that the Decision will be available to anyone with access to the internet. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id*.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2012)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

associated with POTS.

This matter was originally assigned to former Special Master Lisa Hamilton-Feldman. Throughout 2016, Petitioner filed various medical records and on October 14, 2016, Respondent filed a Rule 4(c) Report. *See* Report, dated Oct. 14, 2016 (ECF No. 20). A Rule 5 Status Conference was held on November 15, 2016. *See* Docket Entry, dated Nov. 15, 2016. Petitioner was then ordered to file an expert report in support of her claim and Respondent was ordered to file a responsive expert report. *See* Scheduling Order, dated Dec. 7, 2016 (ECF No. 23).

This case was reassigned to Special Master Herbrina Sanders on January 12, 2017. Both Petitioner and Respondent filed expert reports and then the parties agreed to pursue litigative risk settlement. Settlement negotiations failed, however, and Respondent requested an expert hearing. *See* Status Report, filed Jan. 16, 2018 (ECF No. 37). A supplemental expert report was subsequently filed by Petitioner and Respondent chose not to respond. This case was reassigned to me on March 2, 2021. *See* Docket Entry, dated Mar. 3, 2021. A status conference was held on March 12, 2021, after which the parties were ordered to file a joint status report indicating whether they would like to resolve this matter on the papers or schedule a hearing. *See* Order, dated Mar. 12, 2021.

After opting for a ruling on the record, Petitioner filed a motion for a decision dismissing the claim on May 18, 2021. *See* Motion, dated May 18, 2021 (ECF No. 50) ("Motion"). In it, Petitioner maintains that the Gardasil vaccine administered to N.P. was the cause of N.P.'s arthritis and other illnesses, but nonetheless requests a decision dismissing her claim based on N.P.'s improved health during the five-year pendency of this lawsuit and a desire to end the litigation. *See* Motion at 1. Petitioner acknowledged in her motion she understands that a decision dismissing her petition will result in a judgment against her, and that such a judgment will end all her rights in the Vaccine Program. *Id.* She also noted that Respondent reserved the right to challenge the good faith and reasonable basis of this claim and to oppose, if appropriate, an application for fees and costs. *Id.* at 1-2. And she asserts that Respondent does not object to the relief sought in the motion. *Id.* at 2.

## ANALYSIS

The provisions under the Vaccine Rules for ending a case before a decision has been issued are largely inapplicable herein. Petitioner may no longer avail himself of Vaccine Rule 21(a)(1)(A), which governs voluntary dismissals before service of the Rule 4(c) Report, and Respondent has not stipulated to dismissal under Rule 21(a)(1)(B). In addition, even if the parties had so stipulated, Petitioner seeks entry of a judgment, whereas Vaccine Rule 21(a) would only result in an "order concluding proceedings." Rule 21(a)(3).

Accordingly, the only remaining channel for the relief Petitioner requests is a "motion

seeking dismissal"—a mechanism for ending cases that other claimants have used, either because they have determined that the claim cannot succeed, or simply because they choose not to continue with the claim, but have reached that determination after the time to act under Rule 21 has passed. *See, e.g.*, *Goldie v. Sec'y of Health & Human Servs.*, No. 18-1476V, 2019 WL 6045647, at *1 (Fed. Cl Spec. Mstr. Oct. 11, 2019). Dismissal of Vaccine Program cases at this particular stage of the litigation is not uncommon. Indeed, the rules of the Court of Federal Claims (which are properly applied herein)[3] permit dismissal of claims at a petitioner/plaintiff's request and "on terms that the court considers proper." RCFC 41(a)(2).

I find it is appropriate to grant Petitioner's Motion. Expediency, judicial efficiency, and providing fairness to Vaccine Program claimants—values that constantly inform the work of special masters in deciding vaccine injury claims—all counsel in favor of allowing dismissal even at this late stage in the proceedings. Dismissal of the case will obviate the need to write a lengthy decision, and cut off the prospect of future appeal as well (at least on matters not pertaining to attorney's fees), thus further preserving judicial resources. And based upon Petitioner's Motion, it is my understanding that Petitioner is prepared to live with the consequences of dismissal (including my preliminary determination that it is unlikely Petitioner's claim would have succeeded had it been resolved, whether at trial or via ruling on the record). Respondent otherwise does not appear to oppose the motion.

This dismissal is *with prejudice*.[4] Petitioner's Motion came after the parties had opted for a ruling on the record and after nearly five years of litigation, so the possibility of its return is reasonably foreclosed. I also reiterate that it does not appear Petitioner can meet her evidentiary standard. And I note that Respondent has not conceded that the claim possessed reasonable basis, and therefore may challenge any final fees request in this matter on that ground.

---

[3] The Vaccine Rules specifically stated that the Rules of the Court of Federal Claims "apply only to the extent they are consistent with the Vaccine Rules," and otherwise empower special masters to "regulate the applicable practice" under the Vaccine rules "[i]n any matter not specifically addressed" therein. Vaccine Rule 1(b) and (c). Here, I find that permitting dismissal—in the form stated in this Decision—based on a rule of the Court of Federal Claims is fully consistent with the Vaccine Rules, given that language of Vaccine Rule 21 does not cover voluntary dismissal by court order, whereas RCFC 41 does cover voluntary dismissal by court order. Thus RCFC 41(a)(2) addresses a situation not contemplated by Vaccine Rule 21.

[4] Rule 41(a)(2) gives the Court discretion as to whether a dismissal should be with or without prejudice. *See Giesecke & Devrient GmbH v. United States*, 146 Fed. Cl. 631, 641 (Fed. Cl. 2020) ("[u]nder Rule 41(a)(2), a voluntary dismissal by court order is 'without prejudice' unless the court finds that the defendant will suffer legal prejudice, such as when a plaintiff "does not seek dismissal until a late stage" in the litigation"). There are three factors to consider on whether a dismissal should be with or without prejudice: "(i) the burden on the defendant if the case were to be dismissed without prejudice; (ii) the progress of the litigation; and (iii) the diligence and good faith of the plaintiff." *Klamath Irrigation District v. United States*, 116 Fed. Cl. 117, 119 (Fed. Cl. 2014).

## CONCLUSION

Petitioner's Motion for a Decision Dismissing her Petition is hereby GRANTED, and the Petition is dismissed **with prejudice**. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[5]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.