# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 16-524V
(not to be published)

```
* * * * * * * * * * * * * * * * * * * * * * *
MONIKA PIATEK,                              *
Parent of N.P., a minor,                    *
                                            *    Chief Special Master Corcoran
                 Petitioner,                *
                                            *    Filed: September 20, 2021
v.                                          *
                                            *
                                            *
                                            *
SECRETARY OF HEALTH AND                     *
HUMAN SERVICES,                             *
                                            *
                 Respondent.                *
                                            *
* * * * * * * * * * * * * * * * * * * * * * *
```

*Edward M. Kraus*, Law Offices of Chicago-Kent College of Law, Chicago, IL, for Petitioner.

*Meghan Murphy*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION GRANTING ATTORNEY'S FEES AND COSTS[1]

On April 28, 2016, Monika Piatek filed a petition on behalf of her minor daughter, N.P., seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petitioner alleged that N.P. experienced vaccine-induced reactive arthritis, dysautonomia, autonomic neuropathy, Postural Orthostatic Tachycardia Syndrome ("POTS"), and Irritable Bowel Syndrome associated with POTS after the administration of the human

---

[1] Because this Decision contains a reasoned explanation for my actions in this case, it must be posted on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id*.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

papillomavirus ("HPV") vaccine on August 31, 2013. Petition (ECF No. 1) at 1. The claim was litigated for several years, but after the parties were asked to propose a schedule for a ruling on the record, Petitioner filed an unopposed motion for a decision dismissing her petition on May 18, 2021. ECF No. 50. A decision granting the motion was entered on May 19, 2021. ECF No. 51. This dismissed the Petition with prejudice and judgment was entered in accordance with such. *Id.*

Petitioner has now filed a motion for a final award of attorney's fees and costs. Motion, dated September 3, 2021 (ECF No. 55) Petitioner requests a final award of $47,589.99 in attorney's fees and costs for the work of one attorney, Mr. Edward Kraus, and one staff attorney, Ms. Amy Kraus. *Id.* at 14-18. Respondent reacted to the fees request on September 17, 2021. *See* Response, dated September 17, 2021 (ECF No. 56). Respondent is satisfied that the statutory requirements for an attorney's fees and costs award are met in this case but defers the calculation of the amount to be awarded to my discretion. *Id.* at 2.

For the reasons set forth below, I hereby **GRANT IN PART** Petitioner's motion, awarding fees and costs in the total amount of **$47,575.39**.

## ANALYSIS

### I.     Petitioner's Claim had Reasonable Basis

Although the Vaccine Act only guarantees a reasonable award of attorney's fees and costs to successful petitioners, a special master may also award fees and costs in an unsuccessful case if: (1) the "petition was brought in good faith"; and (2) "there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). I have in prior decisions set forth at length the criteria to be applied when determining if a claim possessed "reasonable basis" sufficient for a fees award. *See, e.g.*, *Sterling v. Sec'y of Health & Hum. Servs.*, No. 16-551V, 2020 WL 549443, at *4 (Fed. Cl. Spec. Mstr. Jan. 3, 2020).

In short, the claim's reasonable basis must be demonstrated through some objective evidentiary showing. *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020) (citing *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017)). This objective inquiry is focused on the *claim*—counsel's conduct is irrelevant (although it may bulwark good faith). *Simmons*, 875 F.3d at 635. Reasonable basis inquiries are not static—they evaluate not only what was known at the time the petition was filed, but also take into account what is learned about the evidentiary support for the claim as the matter progresses. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994) (upholding the finding that a reasonable basis for petitioners' claims ceased to exist once they had reviewed their expert's opinion, which consisted entirely of unsupported speculation).

The standard for reasonable basis is lesser (and thus inherently easier to satisfy) than the preponderant standard applied when assessing entitlement, as cases that fail can still have

sufficient objective grounding for a fees award. *Braun v. Sec'y of Health & Hum. Servs.*, 144 Fed. Cl. 72, 77 (2019). The Court of Federal Claims has affirmed that "[r]easonable basis is a standard that petitioners, at least generally, meet by submitting evidence." *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 287 (Fed. Cl. 2014) (internal quotations omitted) (affirming special master). The factual basis and medical support for the claim is among the evidence that should be considered. *Carter v. Sec'y of Health & Hum. Servs.*, 132 Fed. Cl. 372, 378 (Fed. Cl. 2017). Under the Vaccine Act, special masters have "maximum discretion" in applying the reasonable basis standard. *See, e.g.*, *Silva v. Sec'y of Health & Hum. Servs.*, 108 Fed. Cl. 401, 401–02 (Fed. Cl. 2012).[3]

Here, although Petitioner voluntarily requested the case's dismissal, I find there was sufficient objective basis to entitle her to fees and costs award. The claim offered a reasonably-sound medical concept to support the causation and/or significant aggravation theories. Petitioner's good faith arguments were backed by support in the medical records, which reveal she did experience injuries akin to what is alleged in the post-vaccination timeframe. And despite the fact that I have increasingly taken a dim view of claims alleging that the HPV vaccine can cause autonomic-oriented injuries like POTS, I cannot say that such claims could never succeed in the Program (at least at this time). Accordingly, a final award of fees and costs in this matter is appropriate.

## II.     Calculation of Fees

Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method - "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis* exception"). *Avera*, 515 F.3d at 1348

---

[3] *See also Chuisano*, 116 Fed. Cl. at 285 (cautioning against rigid rules or criteria for reasonable basis because they would subvert the discretion of special masters and stating that an amorphous definition of reasonable basis is consistent with the Vaccine Act as a whole).

(citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for their attorneys, based on the years work was performed:

| Attorney | Task | 2014 | 2015 | 2016 | 2017 | 2018 | 2019 | 2020 | 2021 |
|---|---|---|---|---|---|---|---|---|---|
| Mr. Edward Kraus, Esq. | Substantive | $361 | $375 | $389 | $398 | $409 | - | $435 | $458 |
|  | Administrative | - | - | - | - | - | - | - | - |
| Ms. Amy Kraus, Esq. | Substantive | - | - | $311 | $318 | $327 | - | -- | $384 |
|  | Administrative | - | - | $110 | $125 | $145 | - | - | $170 |

ECF No. 55 at 1-10.

Mr. Kraus and Ms. Kraus practice in Chicago, Illinois - a jurisdiction that has been deemed "in forum. Accordingly, they are entitled to the rates established in *McCulloch*. *See Jaffri v. Se'y of Health & Human Servs.*, No. 13-484V, 2016 WL 7319407, at *5–6 (Fed. Cl. Spec. Mstr. Sept. 30, 2016). The rates requested for Mr. Kraus and Ms. Kraus are also consistent with what has previously been awarded them in accordance with the Office of Special Masters' fee schedule.[4] *Fuhri v. Sec'y of Health & Hum. Servs.*, No. 14-1108V, 2020 WL 6580156, at *2 (Fed. Cl. Spec. Mstr. Oct. 8, 2020). I thus find no cause to reduce them in this instance. I also deem the time devoted to the matter reasonable.

One small adjustment to attorney time is called for, however. For time billed on August 12, 2016, there is a misapplied rate for Ms. Kraus in the entry titled "Draft Amended Statement of Completion" that uses her 2021 hourly rate of $384.00, instead of her 2016 rate of $311.00. ECF No. 55 at 4. Therefore, instead of a total of $76.80 for that entry, the correct total is $62.20, a difference of $14.60. This results in a small reduction of awardable fees to $34,466.30, for all work performed on the case.

---

[4] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last visited Mar. 22, 2021).

### III. Calculation of Attorney's Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No.10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $13,109.09 in costs incurred since the claim's filing, including medical record retrieval costs and fees for the work of expert M. Eric Gershwin, M.D. ECF No. 28, Ex. 22. Dr. Gershwin received a retainer of $4,875.00. ECF No. 55 at 22. Dr. Gershwin also received $5,250.00 for his services in providing an expert report and supplemental expert report. *Id.* I find Dr. Gershwin's retainer and services to be reasonable and find no reason to make any reductions for this value. Medical record retrieval costs are typical in Program cases and are thus eligible for reimbursement and I do not find any of the requested costs in this matter unreasonable. Mailing and Distribution costs are also typical, and I do not find any of the requests costs unreasonable. Thus, they shall also be awarded in full without reduction.

### CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT IN PART** Petitioner's Motion for Attorney's Fees and Costs in its entirety, and award a total of **$47,575.39,** reflecting $34,466.30 in attorney's fees and $13,109.09 in attorneys' costs, in the form of a check made jointly payable to Petitioner and her attorney Mr. Edward Kraus and Ms. Amy Kraus.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[5]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.